NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID CHRIN, | : | |
| | : | Civil No. 06-6226 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| IBRIX, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

THOMPSON, U.S.D.J.

### I. Introduction

This matter comes before the Court on (1) Plaintiff's motion to vacate the Court's Order dismissing Plaintiff's complaint and amended complaint; and (2) Plaintiff's motion for leave to file its second amended complaint.  The Court has decided these motions based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For reasons stated below, Plaintiff's motion to vacate, and motion for leave to amend are denied.

### II. Background

Plaintiff, a pro se, is a co-inventor of a method of electronic file sharing and storage.  On October 31, 2006, Plaintiff filed a complaint in state court requesting a declaratory judgment that the Confidential Information and Invention Assignment Agreement ("CIIA"), and the Assignment agreement he entered into with Defendant are null and void because: (1) the CIIA lacked a "meeting of the minds" regarding the consideration; and (2) the Assignment agreement lacked consideration.  In the alternative, Plaintiff asked for a monetary award in quantum meruit,

1

because "any consideration [he] received [from Defendant] is woefully inadequate and insufficient to support the valuable patent" Defendant received.   (Compl. ¶ 22.)  On December 27, 2006, Defendant removed the case to this Court.

In the complaint, Plaintiff alleged that he signed the CIIA,  agreeing to "assign any potential patents to [Defendant]" in exchange for employment with Defendant.  (Compl. ¶ 9.)  Plaintiff alleged that the CIIA was invalid for lack of consideration, although Plaintiff admitted Defendant employed him beginning in June, 2001.  (Compl. ¶ 7.)   Further, Plaintiff sought to void the Assignment agreement he signed, agreeing to assign his interest in a putative patent to Defendant, as contemplated by the CIIA.  (Compl. ¶ 12.)  The Assignment agreement stated Defendant's consideration for Plaintiff's assignment was one dollar and "other good and valuable consideration" (id.), which according to Plaintiff was "presumed to be [the] employment" of Plaintiff by Defendant.  (Compl. ¶ 13.)  Again, Plaintiff sought to void that agreement claiming lack of consideration, although he admitted Defendant employed him during the period of the Assignment agreement.

On January 5, 2007, Defendant moved to dismiss these claims under Fed. R. Civ. P. 12(b)(6).  Plaintiff did not oppose the motion, electing instead to file an amended complaint two weeks after the opposition became due, on February 2, 2007, which was the return date for Defendant's motion to dismiss.  See Local Rule 7.1(d).  On March 9, 2007, Defendant submitted a supplemental letter brief seeking dismissal of the amended complaint as well.   On March 21, 2007, the Court granted Defendant's motion to dismiss the complaint and the amended complaint for failure to state a claim.  On April 4, 2007, Plaintiff moved to vacate the Court's Order and moved for leave to file a Second Amended Complaint.

2

III. <u>Analysis</u>

A. <u>Motion to Vacate</u>

Plaintiff's sole argument for vacating the Court's Order is that "[a]s a matter of procedure, the Court can not [sic] dismiss the Amended Complaint as the defendant has not made a motion to do so."  (Pl.'s Mot. to Vacate 1.)  This is incorrect for two reasons: first, the Court has the discretion to dismiss an amended complaint, sua sponte, if it is futile and fails to state a claim.  Second, Defendant did submit a supplemental motion seeking dismissal of the amended complaint, which the Court appropriately granted because the amended complaint failed to remedy the deficiencies in the initial complaint.  Therefore, the Court appropriately dismissed the amended complaint, and Plaintiff's motion to vacate is denied.

B. <u>Motion for Leave to File the Second Amended Complaint</u>

It is well-settled in the Third Circuit that a plaintiff may receive leave to amend his complaint, "even after judgments of dismissal have been entered against [him]." <u>Newark Branch, N.A.A.C.P. v. Town of Harrison</u>, 907 F.2d 1408, 1417 (3d Cir. 1990).  "Although [a] district court's order [does] not mention amendment, an implicit invitation to amplify the complaint is found" when dismissal is without prejudice. <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d. Cir. 1976).  The Third Circuit has further stated that "a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and 60(b)." <u>Fletcher-Harlee Corp., v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247 (3d Cir. Apr. 5, 2007).  Under Fed. R. Civ. P. 59(e), a plaintiff has a ten-day window, post-judgment, in which to seek leave to reopen the case. <u>Kelly v. Del River Joint Comm'n</u>, 197 F.2d 93, 94-95 (3d Cir. 1951) (stating a district court has "some discretionary power . . . to vacate or

set aside a judgment of dismissal within the period of time prescribed by Rule 59(b)").  If a plaintiff moves for leave to amend during that period, the request is adjudged under Fed. R. Civ. P. 15(a), which provides that leave to amend "shall be freely given when justice so requires."

Plaintiff filed his motion for leave to amend within ten days, as calculated under Fed. R. Civ. P. 6(a), and thus the Court will examine whether Plaintiff may receive leave to file his Second Amended Complaint under rule 15(a).  Pursuant to that rule, a court should deny a request to amend only if it is apparent that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would unfairly prejudice the other party.  Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  The standard by which courts determine whether an amended complaint is futile is the "same standard of legal sufficiency as applies under Rule 12(b)(6)."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  Dismissal under Rule 12(b)(6) is proper when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Thus, if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief," the Court should permit a party to amend a pleading.  Hill v. Borough of Kutztown, 455 F.3d 225, 233 (3d Cir. 2006).  The Court will review Plaintiff's Second Amended Complaint, taking each count in turn, to determine whether they state valid claims, and whether the Court should grant Plaintiff leave to reopen the case, and receive leave to amend.

1. Count I, Assignment Agreements Rejected or Withdrawn or Not Accepted

In Plaintiff's Second Amended Complaint, he alleges that the CIIA was terminated by the passage of time.  Plaintiff alleges that the CIIA was signed ten months prior to his employment

4

with Defendant.  During this interval, Plaintiff alleges he informed Defendant that he would

continue working with his present employer and not with Defendant.  Plaintiff interprets his

signing of the CIIA as merely an offer by him to assign a patent should he be given employment,

or as an offer by Defendant for employment.  He further alleges that the passage of time, and his

informing Defendant that he would stay at his current job demonstrated that he "withdrew the

offer [to assign a patent] by action or deeds . . . ."  (See Second Am. Compl. ¶ 45).  Alternatively,

Plaintiff states that if Defendant was the offeror, then Defendant rejected the offer by "actions or

deeds."  (Id.)

        The Court finds that Plaintiff's interpretation of the CIIA as either an offer by Plaintiff or

Defendant to be incorrect as a matter of law, and inconsistent with the facts alleged.  Plaintiff

alleges he signed the CIIA and agreed to assign his patents to Defendant in exchange for

employment, but then rejected Defendant's employment.  Plaintiff entered into a binding contract

upon signing the CIIA.  His statements and actions refusing employment constituted a rejection

of the agreement, or an anticipatory repudiation.  In re Nickels Midway Pier, LLC, 341 B.R. 486,

500 (D.N.J. 2006) ("Anticipatory repudiation is a statement in advance of the time for

performance that a party will breach its obligation to perform under a contract.").  This would

have entitled Defendant, as the injured party, to elect to rescind the agreement.  Friedlander v.

Gross, 164 A.2d 761,764 (N.J. Super. Ct. App. Div. 1960) (stating "[u]pon wrongful repudiation

by one party of his contractual obligation to the other, the injured party may elect to rescind

agreement").  Plaintiff, as the repudiator, could not rescind the agreement.  Further, Plaintiff

retracted his anticipatory repudiation by eventually accepting employment with Defendant, and

assigning his patent.  Therefore, Plaintiff's claim that the CIIA was "rejected or withdrawn or not

accepted" fails to state a claim and Count I of Plaintiff's Second Amended Complaint is dismissed as futile.  Miller & Sons Bakery Co. v. Selikowitz, 73 A.2d 607, 609 (N.J. Super. Ct. App. Div. 1950) ("An anticipatory breach is nullified as the basis of an action for damages, if the repudiation of the contract is withdrawn before the injured party brings his action or otherwise materially changes his position.").

### 2. Count II, Alleging the Assignment Agreements Were Mere Negotiations

In his second count, Plaintiff alleges that the two contracts he signed agreeing to assign his patent to Defendant were just "communicat[ions of] his willingness to assign the patent to [Defendant] if employment could be agreed upon."  (Second Am. Compl. ¶¶ 47, 48.)  These allegations controvert the plain meaning of the agreements, which clearly set forth that a contract was consummated.  Nothing in the language of either agreement evince that they were negotiations or precatory, and therefore Plaintiff's allegations are contrary to the contracts' plain meaning and are barred by the parol evidence rule.  Atl. N. Airlines v. Schwimmer, 12 N.J. 293, 304 (1953) (stating "the essence of the parol evidence rule" is "[w]here the parties have made the writing the sole repository of their bargain, . . . the integration . . .  precludes evidence to antecedent understandings and negotiations to vary or contradict the writing").  As such, Plaintiff's Count II is also futile and is dismissed.

### 3. Counts III and IV, Fraud, and Breach of Good Faith and Fair Dealing

Although Plaintiff admits to signing both the CIIA and the Assignment agreement, he alleges that Defendant induced him to do so by promising Plaintiff that he would receive a "16+%" stake in Defendant corporation.  Neither the CIIA or the Assignment agreement discuss purchasing stock, nonetheless, Plaintiff alleges that had he "known that he had not received

16+% percentage [sic] of shares, he would not have signed" either agreement. (Second Am. Compl. ¶¶ 26, 41.) Under these pleadings, Plaintiff's allegations might raise a legitimate cause of action, Hill, 455 F.3d at 233, however, a Delaware Court of Chancery has already rejected these virtually identical claims in an earlier suit brought by Plaintiff. Chrin v. Ibrix, Inc., No. Civ. A. 20587, 2001 WL 2810599 (Del. Ch. Oct. 19, 2005) (the "Delaware suit"). There the court held that Plaintiff "could not have justifiably operated under the assumption that he was purchasing" a greater percentage of the company than he did. Id. at *9.

Defendant argues that these claims are barred by res judicata, and the prohibition against claim splitting. "The rule against claim splitting . . . is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction . . . than permit him to prosecute overlapping or repetitive actions in different cases or at different times." Maldonado v. Flynn, 417 A.2d 378, 382 (Del. Ch. 1980). Defendant asserts that Plaintiff is merely seeking a second bite at the apple by re-pleading the same claims under slightly modified facts that were previously rejected in the Delaware suit.

Generally, "the binding effect of a judgment is determined by the law of the jurisdiction that rendered it." Restatement (Second) of Conflict of Laws § 95 cmt. e (1971); Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 411 (1991). Therefore, the Court examines the preclusive effect that a Delaware state court would give to the dismissal of Plaintiff's claims in the Delaware suit. The elements of res judicata are summarized as follows: (1) the prior decision-maker must have had jurisdiction over the subject matter and the parties; (2) the same parties or their privies are involved in the latter proceeding; (3) the same cause of action has been brought, or the issues are the same as those raised before; (4) the issues were decided adversely

to the contentions of the party against whom res judicata is asserted; and, (5) the prior decision was a final decree.[1]  Playtex Family Products v. St. Paul Surplus, 564 A.2d 681, 683 (Del. Super. Ct. 1989).

a. Final Decree

Plaintiff contends that res judicata should not apply because the Delaware suit was not a final judgment.  Under Delaware law, a judgment is final, and claims are dismissed with prejudice, if a plaintiff has filed an opposition to a motion to dismiss and the court dismisses  the claims without granting the plaintiff leave to amend.  Braddock v. Zimmerman, 906 A.2d 776, 783 (Del. Sup. Ct. 2006) (stating if "a plaintiff chooses to file an answering brief in opposition to a motion to dismiss rather than amend the complaint, [then] any subsequent dismissal pursuant to the motion is with prejudice, unless the court finds for good cause that dismissal with prejudice would not be just under all the circumstances").  Such was the case in the Delaware suit. Plaintiff opposed Defendant's motion to dismiss and the court decided "plaintiff [had] not sufficiently allege[d] that [Defendant's corporate representative] committed fraud by misrepresentation or, in the alternative, fraud based on nondisclosure."  Chrin, 2001 WL 2810599 at *9.  The court also concluded that Plaintiff "could not have justifiably operated under the assumption that he was purchasing" a greater percentage of the company than he did.  Id. Likewise, the court found Plaintiff's claim of breach of good faith and fair dealing failed to state

---

[1]As the parties to the Delaware suit are identical to the parties here, the Delaware suit dismissed Plaintiff's claims, and the claims were based on identical allegations that Plaintiff brings here, it is clear that elements 2, 3, and 4 have been met.  Maldonado v. Flynn, 417 A.2d 378, 382-83 (Del. Ch. Ct. 1980); see also Neoplan USA Corp. v. Taylor, 604 F. Supp. 1540, 1544 (D. Del. 1985) (quoting Epstein v. Chatham Park, Inc., 153 A.2d 180, 184 (Del. Super. Ct. 1959)).

a valid claim.  Id. at *7.  Because the court dismissed both of these claims, this Court finds that a Delaware court would hold the ruling was final, and res judicata should apply.  Further militating towards that finding is the fact that the Delaware suit's ruling was "adequately deliberated and firm" and not "avowedly tentative," the parties were "fully heard" through their briefs and at oral argument, and the court supported its decision with a reasoned opinion.  Restatement (Second) of Judgments § 13 (1982), s. 13.  Therefore, Plaintiff's claims of fraud and breach of the duty of good faith and fair dealing were final judgments.

      b. The Jurisdiction of the Delaware Chancery Court

      Plaintiff asserts that he did not have an opportunity to bring the claims in Delaware because he argues that Delaware lacks jurisdiction over the CIIA.  Plaintiff appears to have misinterpreted the CIIA, which states that disputes concerning it "will be governed by *the laws* of the State of New Jersey."  (Pl.'s Second Am. Compl. Ex. B) (emphasis added).  This does not require that New Jersey must be the forum state, and it does not deprive Delaware of jurisdiction, but only requires that New Jersey law be applied to CIIA disputes.

      To avoid res judicata, Plaintiff has the burden to prove that the claims he raises now could not have been brought in the Delaware suit.  Maldonado, 417 A.R.2d at 384 (stating the burden is placed on the plaintiff to show "that there was some impediment to the presentation of his entire claim for relief in the prior forum").  Plaintiff's assertion that a Delaware court lacked jurisdiction is erroneous, because "Delaware courts regularly interpret and apply the laws of other jurisdictions, nationally and internationally. Moreover, they have consistently held that the need to apply another state's law will not be a substantial deterrent to conducting litigation in this state." See Lee v. Choice Hotels Int'l Inc., 02-1-280, 2006 WL 1148752, at *5 (Del. Sup. Ct.

9

Mar. 21, 2006) (internal quotation omitted).  Further, cases are often adjudicated in Delaware

state court irrespective of whether the court must interpret the laws of another state due to a

choice of law clause.  See, e.g., Viking Pump, Inc. v. Liberty Mut. Ins. Co., No. Civ. 1456, 2007

WL 1207107, at *13 (Del. Ch. Apr. 2, 2007) (Delaware Chancery Court adjudicating a contract

dispute with a New York choice of law clause, interpreting New York contract law); Troy Corp.

v. Schoon, No. 1459, 2007 WL 949441, at *3 (Del. Ch. Mar. 26, 2007) (maintaining jurisdiction

despite a New York forum selection and choice of law contract clause, but noting that "it would

seem proper [for the Delaware court] to apply New York law to the parties' contractual dispute").

Therefore, Plaintiff has failed to show that "there was some impediment" jurisdictional or

otherwise that prevented him from bringing all his claims in the Delaware suit.  Maldonado, 417

A.2d at 384.

      Because the Delaware suit's dismissals constitute a final judgment, on the merits,

Plaintiff's duplicate fraud and good faith and fair dealings claims are barred by res judicata.  The

Delaware court ruled "sufficiently firm" and "conclusively" on the issue of whether plaintiff may

maintain these actions, and this Court "will not permit a plaintiff to abandon his failing state

court suit and file a virtually identical suit in federal court in hopes of achieving a more favorable

result."  Birgel v. Bd. of Comm'rs of Butler County, 125 F.3d 948, 952 (6th Cir. 1997); see, e.g.,

Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683 (1974) (holding res judicata

applied to bar a plaintiff's action in Massachusetts based on the same claims that a Delaware

court dismissed because the plaintiff "failed to state a legally sufficient claim and that a trial to

determine the truth of those allegations would be futile").  Therefore, Plaintiff's Counts III and

IV are also dismissed.  Grayson, 293 F.3d 103.

### 4. Claim V, Employment Contract Breached

Lastly, Plaintiff claims that Defendant breached an employment agreement.  Plaintiff does not allege there was any written employment contract.  Rather, Plaintiff alleges that the CEO of Defendant corporation mentioned that Plaintiff's "[s]alary and benefits could remain the same" as Plaintiff had in his prior employment, and that he would receive certain training.  (Second Am. Compl. ¶ 29.)  Plaintiff alleges that he did not receive the same 401K benefits that he received from his prior employment, and he is seeking to recoup the difference in benefits.  Defendant argues that this claim is the same as a claim raised by Plaintiff in the Delaware suit, except that Plaintiff relies on slightly different evidence.  Defendant asserts, therefore, that the present claim should also be barred by res judicata and prohibition on claim splitting.

In the Delaware suit, Plaintiff claimed Defendant breached an implied employment contract relying on a Stock Purchase Agreement between Plaintiff and Defendant and on allegations that Defendant promised Plaintiff a "401k benefit [that] was never implemented or compensated for."  (Def.'s Opp'n to Pl.'s Mot. to Vacate Ex. A).  Having had his implied breach of employment contract claim dismissed, Plaintiff may not bring this new "successive action[] based on different evidence supporting the same ground."  See Restatement (Second) of Judgments § 25, Exemplifications of the General Rule Concerning Splitting (stating a "mere shift in the evidence offered to support a ground held unproved in a prior action will not suffice to make a new claim avoiding the preclusive effect of the judgment").  The Delaware suit dismissed this claim with prejudice as well, and thus Plaintiff may not bring this claim here under a slightly modified theory.  Therefore Plaintiff's Count V must be dismissed.  Grayson, 293 F.3d 103.

IV.  <u>Conclusion</u>

For the reasons given above, and for good cause shown,

It is on this 25th day of May 2007,

**ORDERED** that Plaintiff's Motion to Vacate [13] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to File the Second Amended Complaint

[14] is **DENIED**, and it is further

**ORDERED** that this case is shall remain closed.


<u>           s/Anne E. Thompson        </u>
ANNE E. THOMPSON, U.S.D.J.

12